**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

VONNELL A. REED,

    Plaintiff,

v.                                                              Case No. 20-13039

BARBARA LANNING, *et al.*,

    Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S REQUEST FOR A HEARING OR
COURT PROCEEDING AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Vonnell A. Reed is a federal detainee held at FCI Milan in Milan, Michigan. He has been detained and charged in an ongoing criminal prosecution for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (*See* Case No. 19-20253, ECF No. 7.) Plaintiff filed this civil complaint on November 7, 2020. (ECF No. 1.) He claims he has been illegally detained and charged in his criminal case and alleges the warrant for his arrest is fraudulent. (*Id.*, PageID.6-7, 12.) Named as Defendants are federal prosecutors, magistrate judges, and district judges who have participated in Plaintiff's federal prosecution. (*Id.*, PageID.2-3.) Plaintiff asks that the court award him compensatory damages. (*Id.*, PageID.7, 13.)

On November 27, 2020, Plaintiff applied to proceed without prepaying fees or costs. (ECF No. 5.) On December 9, 2020, that request was granted. (ECF No. 6.)

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Congress directed the federal

courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted." *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)).

A complaint "fails to state a claim on which relief may be granted" when, "constru[ing] the complaint in the light most favorable to the plaintiff and accept[ing] all factual allegations as true," the complaint is not "plausible on its face." *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court may dismiss a claim *sua sponte* when the named defendants are entitled to absolute immunity. *See Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 872 (E.D. Mich. 2008) (Battani, J.) (citing *Burton v. Mortimer*, 221 F.3d 1333 (Table) (6th Cir. June 22, 2000)) ("[T]he Court may address the issue of absolute immunity *sua sponte*."); *Tidik v. Ritsema*, 938 F. Supp. 416, 422-23 (E.D. Mich. 1996) (Gadola, J.) (dismissing complaint for failure to state a claim *sua sponte* based on absolute immunity).

Although presented in a barely legible, scribbled manner that is difficult to read, Plaintiff appears to allege that Defendant federal prosecutors and judges have violated his constitutional rights. (ECF No. 1, PageID.4.) Thus, this case is properly classified as a *Bivens* action. *See Left Fork Min. Co., Inc. v. Hooker*, 775 F.3d 768, 774 (6th Cir. 2014) (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

U.S. 388 (1971)) ("In *Bivens*, in the absence of a federal statute that provides for damages against a federal employee for allegedly violating the Constitution, the Supreme Court recognized a limited, implied cause of action against federal employees for particularly egregious violations."). Defendants are named in their individual and official capacity. (ECF No. 1, PageID.2-3.)

All claims in Plaintiff's complaint must be dismissed. 28 U.S.C. § 1915(e)(2). The judges named in this suit are entitled to absolute immunity. "[J]udges enjoy judicial immunity suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Defendant judges were performing their judicial roles when they ordered Plaintiff detained pending trial and allowed Plaintiff's prosecution to proceed despite an allegedly false arrest warrant. The individual-capacity claims against Defendant judges will be dismissed.

The federal prosecutors named in this suit are entitled to prosecutorial immunity. "[A] prosecutor is entitled to absolute immunity when he acts 'within the scope of his duties in initiating and pursuing a criminal prosecution.'" *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). Plaintiff alleges Defendant prosecutors continue to pursue Plaintiff's conviction even though his arrest warrant was fraudulent. (ECF No. 1, PageID.12.) The choice to continue a prosecution is within the scope of a prosecutor's public duties. *See Adams*, 656 F.3d at 401. The individual-capacity claims against Defendant prosecutors will be dismissed.

Finally, claims against government officers named in their official capacity are "treated as suits against the governmental entity of which the officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 159 (1985). Plaintiff's official-capacity claims against Defendants, who are federal officers, are in reality "action[s] against the United States." *Fagan v. Luttrell*, 225 F.3d 658 (Table), at *3 (6th Cir. June 22, 2000). "It is axiomatic that the United States may not be sued without its consent." *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (quotations removed). Thus, "[s]overeign immunity extends to . . . federal officers acting in their official capacities," *id.* (quotations removed), and *Bivens* claims "against the United States [are] barred." *Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990); *see also Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Plaintiff's official capacity claims will be dismissed.

On January 9, 2021, Plaintiff mailed a letter, docketed as a "Request," to the court. (ECF No. 11.) The language Plaintiff uses in his letter is ambiguous. He either asks that the court to hold a hearing or court proceeding or, alternatively, that this court order Defendant judges to hold a hearing or court proceeding in Plaintiff's criminal case. (*Id.*, PageID.38.) Plaintiff's claims in this suit must be dismissed. 28 U.S.C. § 1915(e)(2); *see Brookings*, 389 F.3d at 617; *Adams*, 656 F.3d at 401; *Muniz-Muniz*, 741 F.3d at 671. Thus, this court will not hold a hearing or any further court proceedings, and it will not order Defendant judges to take any action in Plaintiff's criminal case. Accordingly,

4

IT IS ORDERED that Plaintiff's Request for a Hearing or Court Proceeding (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED.

                                                    s/Robert H. Cleland                              /
                                                    ROBERT H. CLELAND
                                                    UNITED STATES DISTRICT JUDGE

Dated:  January 26, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 26, 2021, by electronic and/or ordinary mail.

                                                    s/Lisa Wagner                                    /
                                                    Case Manager and Deputy Clerk
                                                    (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-13039.REED.SummaryDismissal.RMK.docx